CONNER, J.
The mother appeals the trial court’s order denying her motion for temporary order permitting relocation and granting the father’s motion for return of child. We affirm the trial court’s order denying the mother’s motion for temporary order permitting relocation without discussion. We write to discuss the trial court’s order granting the father’s motion for return of child, which we also affirm.
In July, 2009, a final judgment was entered dissolving the marriage of the mother and the father. Part of the final judgment contained a parenting plan outlining the custody and responsibility of each parent for their son. The agreed upon plan was that the mother would have primary *643 custody of the son, and the father would have visitations from morning to early evening two days every week and on a third day every other week. Also included in the parenting plan was that, if either party wished to relocate, the party must do so subject to the procedures set forth in section 61.13001, Florida Statutes (2018).
Between June and August 2013, the mother filed a motion for temporary order permitting relocation based on her move from Vero Beach to Deerfield Beach. Shortly thereafter, the father filed an emergency motion for return of child, alleging that the mother moved the son to Deerfield Beach without a court order allowing her to do so. In the motion, he alleged the mother was engaging in negligent behavior by unilaterally withholding timesharing from him and unilaterally enrolling the child in school outside of Indian River County. He requested that the child be returned to Indian River County and that he have sole time sharing with the child until a protective plan could be put in place to address the mother’s actions. A hearing was held on both motions. The trial court denied the mother’s motion for temporary order permitting relocation, and granted the father’s motion for return of the child.
On appeal, the mother argues that the trial court erred in granting the father’s motion because the trial court’s order changed the parenting plan that was currently in place, and the father neither requested, nor did the trial court make, findings of fact necessary for a change in the parenting plan.
Regarding the father’s motion, the trial court ruled:
The [father]’s Motion for Return of Custody is hereby granted. The minor child shall be returned to Indian River County not later than Sunday, September 1, 2013 and enrolled in the Indian River County School District on September 3, 2013.
We do not construe the trial court’s order as changing the parenting plan, but instead, requiring that the mother return the child to Indian River County, consistent with the parenting plan previously ordered. Therefore, there was no error in the trial court’s order, and we affirm.

Affirmed.

STEVENSON and TAYLOR, JJ„ concur.